UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TROY ALLON SNOOK,

                      Plaintiff,

    v.

CALVIN JOHNSON, et al.,

                      Defendants.

Case No. 3:23-cv-00338-MMD-CLB

ORDER

**I.    DISCUSSION**

On April 1, 2024, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915. The Court allowed some of Plaintiff's claims to proceed and stayed the case to allow the parties to participate in the Court's Inmate Early Mediation Program. (ECF No. 8). The Court scheduled a mediation conference for May 28, 2024. (ECF No. 11). Plaintiff, who was incarcerated in the custody of the Nevada Department of Corrections ("NDOC") when he filed the complaint, was out of prison when the mediation conference was set. (ECF No. 12). Plaintiff subsequently filed a motion to continue the mediation session, stating that he was again in NDOC custody, but that he was scheduled to be released on June 3, 2024. (ECF No. 14). The Court granted the motion and reset the mediation conference for July 2, 2024. (ECF Nos. 16, 17).

Plaintiff has now filed another motion requesting that the mediation conference be continued again because he will not be released from NDOC custody "until the middle of July or the after the last part of July." (ECF No. 18). Plaintiff also filed an alternative motion requesting that NDOC produce Plaintiff for the mediation conference. (ECF No. 19). Plaintiff's second motion to continue the mediation conference (ECF No. 18) is denied. Plaintiff does not provide any basis to continue the mediation other than the fact that he will be in NDOC custody. But the Inmate Early Mediation Program was designed with in-custody inmates in mind, and the vast majority of mediation conferences are conducted with inmates who are in custody. This is not a reason to continue the mediation again.

Plaintiff's motion to order NDOC to produce him for the mediation conference (ECF No. 19) is also denied. As noted in the Court's Order rescheduling the mediation conference, the conference will be conducted via video conference. (ECF No. 17 at 1). The Court's Order also directs defense counsel to make the necessary arrangements for Plaintiff to appear by video conference. (*Id.* at 2). As such, there is no need for NDOC to produce Plaintiff and physically bring him to the mediation.

**II.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to continue the July 2, 2024, mediation conference (ECF No. 18) is DENIED.

It is further ordered that Plaintiff's motion to require NDOC to produce him for the July 2, 2024, mediation (ECF No. 19) is DENIED.

DATED THIS 10th day of June 2024.

_____
UNITED STATES MAGISTRATE JUDGE